UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-23332-BLOOM/OTAZO-REYES

IN RE APPLICATION OF TERRA INVEST, LLC,
UNDER 28 U.S.C. § 1782
TO CONDUCT DISCOVERY
FOR USE IN FOREIGN PROCEEDINGS.
_____/

## OMNIBUS REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following submissions:

(1) Non-Party Vladislav Doronin's ("Doronin" or "Movant") Sealed Motion to Vacate Sealed Order Granting *Ex Parte* Application and to Quash Subpoenas Pursuant to Rule 45 (hereafter, "Doronin's Motion") [D.E. 9, under seal]; and

(2) Intervenor Capital Group Development, LLC's ("Capital Group" or "Intervenor") Motion to Quash and Vacate (hereafter, "Capital Group's Motion") [D.E. 50].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 20, 51]. The undersigned held a hearing on these matters on October 12, 2022 (hereafter, "Hearing") [D.E. 67]. Upon a review of the record and having considered the argument of counsel and the applicable law, the undersigned respectfully recommends that Doronin's Motion and Capital Group's Motion be GRANTED and that this case be DISMISSED.

## PROCEDURAL BACKGROUND

On September 15, 2021, Terra Invest, LLC ("Terra Invest" or "Petitioner") commenced this action with the filing of an *Ex Parte* Application for an Order Under 28 U.S.C. § 1782(a) to Conduct Discovery for Use in Foreign Proceedings (hereafter, "*Ex Parte* Application") [D.E. 1

(under seal)]. In its *Ex Parte* Application, Terra Invest sought authorization pursuant to 28 U.S.C. § 1782 ("Section 1782") to issue and serve a subpoena for documents and records on Doronin and to conduct Doronin's deposition. Id. at 1. By way of the proposed discovery, Terra Invest sought to obtain "information about participants in, and the mechanics of, [an alleged] fraudulent scheme that [purportedly] forced Terra Invest out of a lucrative residential real estate project ['the Project'] located in Moscow, Russia." Id. Specifically, Terra Invest claimed that it was pursuing the proposed discovery "for use in foreign civil and criminal proceedings pending and under investigation in Russia arising out of the [alleged] fraud scheme." Id. According to Terra Invest, the Project was being constructed on a property owned by Capital Group known as Poultry Farm Krasnogorskaia, JSC ("Poultry Farm"); and Doronin, Pavel Tio ("Tio") and Eduard Berman ("Berman") each owned a 33.3% equity stake in Capital Group. See Memorandum of Law in Support of *Ex Parte* Application ("Memorandum") [D.E. 1-2 at 7].

On October 1, 2021, the Court granted Terra Invest's *Ex Parte* Application [D.E. 4]. On January 14, 2022, counsel for Doronin accepted service of the Section 1782 authorized subpoenas, while reserving all objections and defenses. See Doronin's Motion [D.E. 9 at 2]; Terra Invest's Opposition to Doronin's Motion ("Opposition") [D.E. 13 at 3, n.1].

On March 9, 2022, Terra Invest and Doronin jointly requested that the case be unsealed, which request was granted by the Court on March 10, 2022, except for Doronin's Motion, as to which the Court directed Doronin to file a redacted version in the public docket [D.E. 14, 15, 19-1].

On April 18, 2022, the day before a scheduled hearing on Doronin's Motion, Capital Group filed its Motion to Intervene in the case, as a result of which the hearing was continued [D.E. 29, 36]. On June 9, 2022, the undersigned granted Capital Group's Motion to Intervene [D.E. 43].

On July 20, 2022, Capital Group's Motion was filed [D.E. 50].

## APPLICABLE LAW

"A district court has the authority to grant an application for judicial assistance if the following statutory requirements in § 1782(a) are met: (1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." In re Clerici, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (citing 28 U.S.C. § 1782(a)).

However, "a district court's compliance with a § 1782 request is not mandatory." United Kingdom v. United States, 238 F.3d 1312, 1319 (11th Cir. 2001). Thus, even if all four of "these requirements are met, then § 1782 authorizes, but does not require, a federal district court to provide assistance." In re Clerici, 481 F.3d at 1332 (citing Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 255 (2004); United Kingdom, 238 F.3d at 1318-19). The factors that bear consideration in ruling on a § 1782(a) request are: "(1) 'whether the person from whom discovery is sought is a participant in the foreign proceeding,' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'" In re Clerici, 481 F.3d at 1334 (citing Intel, 542

3

U.S. at 264-65).

**DORONIN'S MOTION**

Doronin argues that Section 1782's fourth statutory factor is not met because Terra Invest has not shown that he resides or is found in the Southern District of Florida. See Doronin's Redacted Motion [D.E. 19-1 at 2]. As discussed below, the undersigned finds that Doronin neither resides nor is found in this district for purposes of Section 1782.

**1.** *Doronin does not reside in the Southern District of Florida for purposes of Section 1782.*

To determine whether a person resides in the district of the district court ruling on the application within the meaning of the statute, courts have looked to the applicable state law for guidance. See, e.g., In re Application of Gazprom Latin Am. Servicios, C.A., No. 4:14-mc-1186, 2016 WL 3654590, at *10 (S.D. Tex. July 6, 2016) (applying Texas law to conclude that Section 1782 respondent did not reside in the district).

Under Florida law, residence hinges on the intent "to remain permanently a citizen of the state." Bloomfield v. City of St. Petersburg Beach, 82 So. 2d 364, 369 (Fla. 1955). The term residence in statutes is used "in the sense of 'legal residence'; that is to say, the place of domicile or permanent abode, as distinguished from temporary residence." Walker v. Harris, 398 So. 2d 955, 958 (Fla. 4th DCA 1981) (quoting Herron v. Passailaigue, 110 So. 539, 543 (1926)). Thus, "[a] person may have several temporary local residences, but can have only one legal residence. A legal residence, or domicile, is the place where a person has fixed an abode with the present intention of making it their permanent home." Id. Moreover, while proof of legal residence may be measured by objective factors, "in analyzing proof of intent, a person's declaration is especially significant and entitled to great weight." Id.

Here, Doronin avers that: he does not reside in Florida and has no intention of residing in

Florida; he is a resident of Switzerland and holds a Switzerland Residency Permit; he spent less than 100 days in Florida in 2021; and he is not a Florida taxpayer, does not have a Florida driver's license, has no vehicles registered in Florida, does not have bank accounts in Florida, and does not own real property in Florida, including the Star Island mansion in Miami Beach that Terra Invest claims is his residence. See Doronin Redacted Declaration [D.E. 19-1 at 16-17]. Terra Invest has attempted to counter these averments by submitting a plethora of hearsay materials basically consisting of the following: local media interviews; local lifestyle and news articles; and brochures from properties developed by OKO Group LLC, a real estate company chaired by Doronin, in Florida. See Opposition [D.E. 13-1]. Terra Invest relies heavily on references to the Star Island mansion where Doronin lives in some of these materials as his "home" or "residence." However, nothing in these hearsay submissions supports even an inference that, contrary to his sworn declaration, the Star Island mansion is Doronin's legal residence as opposed to his temporary local residence. Walker, 398 So. 2d at 958. Indeed, at the Hearing, Terra Invest admitted that Doronin is domiciled in Switzerland, which, under the Walker court's analysis, makes that country his permanent abode or legal residence. Given these facts, the undersigned concludes that Terra Invest has failed to establish that Doronin resides in the Southern District of Florida for purposes of Section 1782.

### 2. *Doronin is not found in the Southern District of Florida for purposes of Section 1782.*

Terra Invest also argues that Doronin is "found" in this district as a means of satisfying Section 1782's fourth statutory factor. A person is found in a district if he or she has been personally served with the discovery requests underlying the Section 1782 application. See In re Edelman, 295 F.3d 171, 180 (2d Cir. 2002) (holding that "if a person is served with a subpoena while physically present in the district of the court that issued the discovery order, then for the

5

purposes of § 1782(a), he is 'found' in that district"). According to the In re Edelman court: "Given that . . . tag jurisdiction is consistent with due process, we do not think that § 1782(a), which is simply a discovery mechanism and does not subject a person to liability, requires more." Id. at 179; see also In re Godfrey, 526 F. Supp. 2d 417, 421 (S.D.N.Y. 2007) (interpreting In re Edelman as requiring "personal" service, not "substitute" service, under a state's rules of service of process and personal jurisdiction). As noted above, service of the Section 1782 authorized subpoenas was accepted by Doronin's counsel, with a full reservation of all objections and defenses; and it is undisputed that Doronin was not personally served with the authorized subpoenas. Under the authority of In re Edelman and In re Godfrey, counsel's acceptance of service is insufficient for Doronin to be "found" in the Southern District of Florida for purposes of Section 1782 by operation of tag jurisdiction.[1]

Doronin may also be found in this district if "the discovery material sought [by Terra Invest] proximately resulted from [Doronin's] forum contacts". In re del Valle Ruiz, 939 F.3d 520, 530 (2d Cir. 2019). To satisfy this requirement, Terra Invest must "provide additional specificity concerning the discovery it seeks" for purposes of evaluating "whether the discovery requested is connected to the forum." In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A., No. 20-25212, 2021 WL 2323226, at *5 (S.D. Fla. June 1, 2021) (citing In re Inmobiliaria Tova, S.A., No. 20-24981, 2021 WL 925517, at *5 (S.D. Fla. Mar. 10, 2021)).

At the Hearing, Terra Invest attempted to meet his burden by arguing as follows: (1) Terra Invest seeks the proposed discovery from Doronin for use in Russian proceedings arising out of an alleged fraudulent scheme involving a real estate Project to be constructed on land owned by

---

[1] Although Terra Invest argued at the Hearing that it could have tagged Doronin at some point in time despite its process servers' unsuccessful attempts to do so at Star Island, tag jurisdiction requires actual personal service; i.e., actual tagging, not could have, would have tagging. See In re Edelman, 295 F.3d at 180; In re Godfrey, 526 F. Supp. 2d at 421.

Capital Group; (2) at the time of the alleged fraudulent scheme, Doronin owned a 33.3% equity stake in Capital Group; (3) under Russian law, Doronin had to approve significant transactions undertaken by Capital Group, such as those involving the Project; (4) given his presence at the Star Island mansion in Miami Beach, Doronin must have granted some such approvals in this forum.  However, Terra Invest admitted that it cannot directly tie this syllogism to any specific documents located in, communications arising from, or events occurring in, this forum.  Thus, Terra Invest's speculation fails to satisfy the specificity required to evaluate "whether the discovery requested is connected to the forum." In re Valores Decevale, 2021 WL 2323226, at *5 (citing In re Inmobiliaria Tova, 2021 WL 925517, at *5).  Accordingly, Terra Invest has failed to meet its burden of showing that Doronin is found in this district.

Because Doronin neither resides nor is found in the Southern District of Florida, the Court lacks subject matter jurisdiction over Terra Invest's *Ex Parte* Application and the case is subject to dismissal.  In Re Gazprom, 2016 WL 3654590, at *12 (denying Section 1782 application for lack of subject matter jurisdiction where respondent did not reside and was not likely to be found in the district at any reasonable time in the future).  Although Terra Invest's failure to satisfy an essential statutory factor is sufficient grounds to grant both Doronin's Motion and Capital Group's Motion, the undersigned considers Capital Group's Motion below for the sake of completeness.

## CAPITAL GROUP'S MOTION

Capital Group argues that Section 1782's third statutory factor is not met because "Terra Invest cannot credibly use anything it might learn about Capital Group (through Doronin) in any active Russian proceeding." See Capital Group's Motion [D.E. 50 at 7].  Capital Group further argues that the "well-established discretionary factors all counsel strongly against granting § 1782 discovery." Id.

To be "for use," in a foreign proceeding, evidence must be "employed with some advantage or serve some use in the proceeding". In re Bernal, No. 18-MC-21951, 2018 WL 6620085, at *4 (S.D. Fla. Dec. 18, 2018). In other words, to satisfy the "for use" requirement, the evidence sought must be "relevant" to the ongoing proceedings. In re Schlich, 893 F.3d 40, 52 (1st Cir. 2018). Thus, a Section 1782 request must be more than a fishing expedition. In re Kivisto, 521 F. App'x 886, 889 (11th Cir. 2013).

In its *Ex Parte* Application, Terra Invest relied on an alleged loan swap scheme underlying the Russian litigation, in which Capital Group was purportedly an essential participant. See Memorandum [D.E. 1-2 at 6-9]. Terra Invest then invoked Doronin's status as a Capital Group shareholder to support seeking "relevant" discovery from him pursuant to Section 1789. Id. However, as noted by Capital Group, the alleged loan swap scheme "is not the subject of any ongoing proceedings [in Russia], which all relate to whether Terra Invest granted a power-of-attorney to Dimitri Kharitonov in 2019." See Capital Group's Reply [D.E. 63 at 7]. At the Hearing, Terra Invest acknowledged that, at best, the evidence it seeks from Doronin would be somehow relevant to Terra Invest's potential damages claim in the ongoing proceedings. And in response to Doronin's argument that he has no such evidence, Terra Invest nevertheless argued at the Hearing that the Section 1789 subpoenas should be sustained and Doronin be required to make his lack of evidence contention under oath. Thus, it appears that, rather than meeting the "for use" relevance requirement, Terra Invest is engaging in nothing more than an impermissible fishing expedition that is based on pure speculation. In re Kivisto, 521 F. App'x at 886. Accordingly, the undersigned concludes the "for use" statutory factor is also unmet in this case.[2]

---

[2] Given this conclusion, Capital Group's arguments with respect to the "Intel" discretionary factors are superfluous and need not be further addressed since those factors only come into play if the statutory requirements are met. In re Clerici, 481 F.3d at 1332.

**RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Doronin's Motion and Capital Group's Motion be GRANTED and that this case be DISMISSED for lack of subject matter jurisdiction over Terra Invest's *Ex Parte* Application.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have <u>fourteen</u> days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. <u>See</u> <u>Resolution Tr. Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." <u>See</u> 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida on this 7th day of November, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Beth Bloom
      Counsel of Record