UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23332-BLOOM

TERRA INVEST, LLC,

      Plaintiff.

_____/

**ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S
<u>REPORT AND RECOMMENDATIONS</u>**

**THIS CAUSE** is before the Court upon non-party Vadislav Doronin's ("Doronin") Motion to Vacate Order Granting *Ex Parte* Application and to Quash Subpoenas pursuant to Rule 45, ECF No. [9], and non-party intervenor Capital Group Development, LLC's ("Capital Group") Motion to Quash and Vacate, ECF No. [50] (collectively, "Motions to Vacate and Quash"). Terra Invest, LLC ("Terra Invest") filed Responses in Opposition to the Motions to Vacate and Quash. *See* ECF Nos. [13], [57]. The Motions to Vacate and Quash were referred to Magistrate Judge Alicia M. Otazo-Reyes for Reports and Recommendations ("R&R"). ECF Nos. [20], [51]. On November 7, 2022, Judge Otazo-Reyes issued an Omnibus R&R in which she recommended that the Motions to Vacate and Quash be granted and that the case be dismissed for lack of subject matter jurisdiction over Terra Invest's *Ex Parte* Application. ECF No. [69]. Terra Invest filed its Objections to the R&R, ECF No. [71], to which Doronin and Capital Group each filed a Response, ECF Nos. [79], [80]. Capital Group also filed Objections to the R&R, ECF No. [72], to which Terra Invest filed a Response, ECF No. [78].

The Court has conducted a *de novo* review of the R&R, the Objections, and the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, the Court overrules the Objections and adopts the R&R in part.

I.  **BACKGROUND**

The parties do not dispute, and the Court finds that the proceedings set forth in the R&R are accurate and adopted.

On October 12, 2022, Judge Otazo-Reyes conducted a hearing on the Motions to Vacate and Quash. ECF No. [67]. Thereafter, on November 7, 2022, Judge Otazo-Reyes issued an Omnibus R&R in which she determined that Doronin does not "reside in" the Southern District of Florida for purposes of 28 U.S.C. § 1782, that Doronin is not "found in" the Southern District of Florida for purposes of § 1782, and that the evidence sought was not "for use" in a foreign proceeding. *See generally* ECF No. [69]. The R&R recommends that the Court grant the Motions to Vacate and Quash and dismiss this case for lack of subject matter jurisdiction. *Id*. at 9.

Terra Invest filed Objections to the R&R, asserting that Judge Otazo-Reyes (1) failed to properly analyze the relevant law in determining whether Doronin resides in the district as contemplated in § 1782; (2) incorrectly found that Doronin is not found within this district as contemplated by § 1782; and (3) erroneously held that the discovery sought would not be for use because there is no ongoing litigation directly addressing the evidence sought. ECF No. [71]. Doronin responds that the Court should overrule Terra Invest's Objections because the R&R relies on well-established law and Magistrate Judge Otazo-Reyes correctly concluded that Doronin neither resides nor is found in the Southern District of Florida. ECF No. [80]. Capital Group responded as well, arguing that Judge Otazo-Reyes correctly determined, based largely on Terra Invest's concessions, that any evidence Doronin may possess is irrelevant to the substance of any ongoing Russian Proceedings. ECF No. [79].

Capital Group submitted its own limited Objections in which it argues that the *Intel* Factors are not superfluous and provide an alternative, independent basis for quashing Terra Invest's discovery requests and raise the limited objection that the R&R should have concluded that the

*Intel* Factors also justify the relief granted. ECF No. [72]. Terra Invest responds that the *Intel* Factors weigh in its favor. ECF No. [78].

## II. LEGAL STANDARD

### A. Objections to Magistrate Judge's R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### B. Section 1782

Pursuant to 28 U.S.C. § 1782, a district court may grant an application for judicial assistance where four criteria are met:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (citing 28 U.S.C. § 1782(a)).

However, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004) (citation omitted). If all statutory requirements are met, the District Court can consider the following discretionary factors:

> (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding' ...; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'

*Victoria, LLC v. Likhtenfeld*, 791 F. App'x 810, 817 (11th Cir. 2019) (quoting *Intel*, 542 U.S. at 264-65); *In re Kivisto*, 521 F. App'x at 888 (same).

### III. ANALYSIS

As stated above, Terra Invest filed Objections to the R&R, asserting that Judge Otazo-Reyes (1) failed to properly analyze the relevant law in determining whether Doronin resides in the District as contemplated in § 1782; (2) incorrectly found that Doronin is not found within this District as contemplated by § 1782; and (3) erroneously held that the discovery sought would not be for use because there is no ongoing litigation directly addressing the evidence sought. ECF No.

[71]. Doronin responds that the Court should overrule Terra Invest's objections because the R&R relies on well-established law and Magistrate Judge Otazo-Reyes correctly concluded that Doronin neither resides in nor is found in the Southern District of Florida. ECF No. [80]. Capital Group responded as well, arguing that Judge Otazo-Reyes correctly determined, based largely on Terra Invest's concessions, that any evidence Doronin may possess is irrelevant to the substance of any ongoing Russian Proceedings. ECF No. [79].

Capital Group submitted its own limited Objections in which it argues that Judge Otazo-Reyes should have considered the *Intel* Factors which provide an alternative, independent basis for quashing Terra Invest's discovery requests. ECF No. [72]. Terra Invest responds that the *Intel* Factors weigh in its favor. ECF No. [78].

### A. "Resides In"

Terra Invest objects to the R&R arguing that the Magistrate Judge erred in finding that Doronin does not reside in the district for purposes of § 1782 discovery. It claims the Court improperly relied on the domicile/permanent residency standard for elections instead of the standard that controls for § 1782. ECF No. [71] at 12. Doronin responds that he does not reside in the Southern District of Florida as a matter of fact and law. ECF No. [80].

#### i. Applicable Law

Terra Invest contends that Judge Otazo-Reyes improperly relied on *Bloomfield v. City of St. Petersburg Beach*, 82 So. 2d 364 (Fla. 1955) and *Walker v. Harris*, 398 So. 2d 955 (Fla. 4th DCA 1981) to arrive at the conclusion that Doronin does not reside in Florida and has no intention of residing in Florida. ECF No. [71] at 12. It further argues that *Bloomfield* is distinguishable and was not properly relied on because that case analyzed what it meant to be a "permanent resident" under Florida Statute § 97.041 for purposes of determining a qualified elector; whereas, here, the requirement is merely that Doronin must "reside in" the Southern District of Florida. ECF No. [71]

5

at 12-13. Doronin responds that the Court properly relied on state law for guidance to determine whether Doronin resides in the district. ECF No. [80] at 6. Moreover, the R&R considered the distinction between a domicile or permanent abode and a temporary residence. ECF No. [80] at 7 (citing ECF No. [69] at 4).

Regarding *Walker*, Terra Invest argues that it is distinguishable. In *Walker*, an individual appealed a finding that she failed to establish legal residency for purposes of being qualified for election. ECF No. [71] at 13 (citing *Walker*, 398 So. 2d at 955). Terra Invest argues that the analysis in *Walker* was specific to "residence, residing or equivalent terms, when used in statutes, or actions, or suits relating to taxation, right of suffrage, divorce . . . in the sense of legal residence; that is to say the place of domicile or permanent abode as distinguished from temporary residence." *Id*. at 13-14 (citing *Walker*, at 958). Doronin responds that *Walker* confirms that the law it contemplates concerning residence extends beyond the limited electoral application Terra Invest attributes to it. ECF No. [80] at 7. Doronin argues that Terra Invest used an ellipsis in the quoted portion of *Walker* to remove the words "and the like" which he says makes clear that under Florida law, the term residing or an equivalent term such as resides, requires legal residence. *Id*. He contends that Terra Invest creates its own law when it proclaims without providing any authority that Section 1782 requires a lesser standard for "resides in" and characterizes the residency requirement as de minimis. *Id*. at 7.

Terra Invest argues further that § 1782 demands that a person be more than a transient or a sojourner but requires less than domicile. In support, Terra Invest cites *Comm'r of IRS v. Estate of Sanders*, 834 F.3d 1269 (11th Cir. 2016), in which the Eleventh Circuit noted that residency "requires far less than domicile which requires an intent to make a fixed and permanent home." *Id.* at 1279 (internal quotation marks and citation omitted). There, the Eleventh Circuit also found that "while a person may have only one domicile at a time, cases have recognized the possibility

6

that one person may have multiple residences simultaneously. *Id*. Doronin argues that the tax case involving the Internal Revenue Code has no bearing or relevancy here, as it provides nothing on the issue of the appropriate residency standard under Florida law or in a § 1782 proceeding. ECF No. [80] at 7-8.

The Court agrees with Doronin that Judge Otazo-Reyes's properly relied on an analysis of state law to determine the appropriate meaning of "resides in." One Texas court noted that district courts in New York had looked to the relevant state law residency standards in various contexts to determine the appropriate definition of "resides in" under § 1782 and did the same with Texas law. *In re: Application of Gazprom Latin Am. Servicios, C.A.*, 4:14-MC-1186, 2016 WL 3654590, at *10 (S.D. Tex. July 6, 2016) (citing *In re Application of Yukos Hydrocarbons Investments Ltd.*, 2009 WL 5216951 at *5 (N.D.N.Y. Dec. 30, 2009); *In re Kolomoisky,* No. M19-116, 2006 WL 2404332 at *3 and n.3 (S.D.N.Y. Aug. 18, 2006)). In this district, courts have looked to Florida's long arm statute to determine whether a respondent could be "found in" the Southern District of Florida. *See In re MTS Bank*, 17-21545-MC, 2017 WL 3155362 (S.D. Fla. July 25, 2017) (analyzing Fla. Stat. §48.193). It was, therefore, appropriate to look to Florida law to determine what constitutes residency in this district. Nevertheless, the Court continues to consider Terra Invest's argument that the Court should consider the totality of the circumstances in light of all of the facts.

> ii.   **Totality of the Circumstances**

Terra Invest argues that the Court must look to the totality of the circumstances to assess the nature of Doronin's nexus to the district. ECF No. [71] at 15. In support, Plaintiff cites *In re MTS Bank*, and *In re Escallon*, 323 F. Supp. 3d 552 (S.D.N.Y. 2018). In *In re MTS Bank*, the court found that to reside in or be found in a place should be "broadly interpreted based on common sense understandings of the words." *In re MTS*, 2017 WL 3155362 at *4. The court found that

7

because the person from whom discovery was sought owned real property and two automobiles, paid real estate taxes, had a Florida telephone number, and conducted financial transactions in Florida, the statutory requirements were met. Id at *5. In *In re Escallon*, the court found that the "resides in" prong of the § 1782 analysis did not require the respondent to be domiciled in the district but "does require that the home be the person's established abode at the time of service, with some degree of permanent occupancy." 323 F.Supp.3d at 557. Doronin responds that the cases cited are unpersuasive and outdated. ECF No. [80] at 8. Specifically, Doronin argues that after *In re Escallon*, the Second Circuit held that the "resides or is found" requirement extends § 1782's reach to the limits of personal jurisdiction consistent with due process. *Id*. (citing *In re del Valle Ruiz*, 939 F.3d 520, 523 (2d Cir. 2019)). Doronin contends that the Court must look to the applicable state law for guidance when determining whether a person resides in a district. ECF No. [80] at 8.

Finally, Terra Invest points out the evidence it presented at the hearing and in its briefing to support its position that Doronin resides in this district. ECF No. [71] at 14-15. Doronin responds that the R&R correctly determined that the news clippings and internet clickbait introduced by Terra Invest were correctly deemed hearsay materials. ECF No. [80] at 10. He continues that the generalized, non-specific objections need not be considered by the Court because Terra Invest did not specifically object to the Magistrate Judge's finding that the submissions are hearsay. *Id*.

Courts in the Southern District of Florida regularly look to the respondent's contacts with the district to assess whether the respondent "resides in" or is "found in" the Southern District of Florida. *See In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A.,* 20-25212-MC, 2021 WL 2323226, at *5 (S.D. Fla. June 1, 2021), *appeal dismissed sub nom. Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A. v. Ecuador High Yield Fund, LLC*, 21-11889-CC, 2021 WL 4049325 (11th Cir. July 7, 2021) (noting that the

respondent "owns real property in the District, and has apparently registered several motorcycles in this District, pays real estate taxes to Miami-Dade County, and maintains several phone numbers with Miami area codes."); *In re MTS Bank*, 2017 WL 3155362 at *5 (finding that the respondent resides or is found in the district where the respondent "(1) owns real property, (2) owns two automobiles, (3) pays real estate taxes, (4) owns a Florida telephone number, and (5) conducts financial transactions").

Judge Otazo-Reyes considered the amount of time Doronin spent in the Southern District of Florida, including that he spent less than 100 days in the district in 2021, he is not a Florida tax payer, does not have a Florida driver's license, has no vehicles registered in Florida, does not have a bank account in Florida, and does not own real property in Florida. Judge Otazo-Reyes found that those facts were sufficient to establish that Doronin does not reside in the Southern District of Florida, especially in light of Doronin's contention that he had no intention to remain. *See* ECF No. [69] at 5. Judge Otazo-Reyes found that those facts, coupled with Terra Invest's admission at the hearing that Doronin is domiciled in Switzerland (which under *Walker*, makes that country his permanent abode or legal residence), supported the conclusion that "Terra Invest failed to establish Doronin resides in the Southern District of Florida for purposes of Section 1782." ECF No. [69] at 5. In light of the factual findings that Terra Invest was unable to refute with any new evidence, that conclusion is proper and not refuted by the authority cited by Terra Invest.

Accordingly, the Court adopts Judge Otazo-Reyes's finding that Doronin does not reside in the Southern District of Florida. It now turns to the question of whether Doronin is "found in" the district.

### B. "Found In"

Terra Invest argues that the Magistrate Judge erred in finding that Doronin was not found in this District when she determined that the facts presented were comparable to those in which

the respondent was deemed not to be "found in" a particular district. ECF No. [71] at 17. Terra Invest further contends that the discovery sought from Doronin proximately resulted from his contacts with this District. *Id*. Doronin responds that Terra Invest lodged no objections to the Magistrate Judge's legal analysis but instead objected based on conclusory and unsupported factual arguments. ECF No. [80] at 12. He asserts that Terra Invest has failed to provide specific information required to evaluate whether the discovery sought is connected to the forum and offers only speculation without support or specificity. *Id*.

To determine whether a respondent is "found in" a particular district, the Court should "look at the respondent's contacts with the forum" and whether "the discovery material sought proximately resulted from the respondent's forum contacts*." In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale,* 2021 WL 2323226, at *5 (internal quotation marks and citation omitted). A § 1782 applicant is required to "provide additional specificity concerning the discovery it seeks to allow a court to evaluate whether the discovery requested is connected to the forum." *Id*. (internal quotation marks and citation omitted).

Judge Otazo-Reyes summarized the arguments Terra Invest put forth to demonstrate a connection between the discovery sought and the Southern District of Florida at the hearing and concluded that the speculative allegations were insufficient. ECF No. [69] at 6-7. At the hearing, counsel for Terra Invest specifically conceded:

> I can't tell you that he received a specific meeting notice or a specific set of board materials at his Miami house, but it certainly stands to reason if a guy is spending between a third or a quarter of his time living in a house in Miami, that he is doing business while he is in Miami…
> …I can't tell you with specificity that he received this email or he received this board package or he raised his hand and made this particular vote on a shareholder issue on a particular date, but I think common sense tells us, Judge, that at least some of the instances and some of the actions, that go directly to what we are requesting in our subpoenas, took place in Florida with respect to the actions that were happening overseas in Russia.

ECF No. [70] at 27:7-24.

In its Objections, Terra Invest simply reiterates the arguments put forth at the hearing, asserting that Doronin's role in Capital Group would provide him with relevant communications about a host of issues related to ongoing proceedings in Russia tied to this District because this District is where Doronin resides in the United States. ECF No. [71] at 17-18. Doronin responds that Terra Invest offers only speculation as to how the requested discovery materials have a connection to this District. ECF No. [80] at 13. He contends that Terra Invest failed to provide the specific information required to evaluate whether the requested discovery is connected to the Southern District of Florida.

In *In re Inmobiliaria Tova, S.A.*, the court found that where an applicant provided no facts in support or information regarding what business activities were conducted in Florida, the applicant had not met its burden of demonstrating that the corporate respondent's contacts with the district were the primary reason the evidence sought was available at all. *In re Inmobiliaria Tova, S.A.*, 20-24981-MC, 2021 WL 925517, at *5 (S.D. Fla. Mar. 10, 2021). Similarly, the Court finds that Terra Invest did not meet its burden of demonstrating that Doronin's personal contacts with the Southern District of Florida gave rise to the creation of the discovery sought.

The Court therefore agrees with Doronin, and adopts the finding in the R&R. Because Doronin neither "resides in" nor is "found in" the Southern District of Florida, the statutory requirements of § 1782 are not met.

C. "For Use"

Terra Invest argues that the Magistrate Judge erred in ruling that the discovery sought is not for use in a pending foreign proceeding, which it undoubtedly is. ECF No. [71] at 13. Capital Group responds that Terra Invest's subpoenas were correctly quashed as a quintessential fishing

expedition. ECF No. [79] at 5. Capital Group contends that because Terra Invest relies on speculation and suspicion that Doronin might possess relevant evidence, it is not sufficient to permit its § 1782 application. *Id*.

All statutory factors must be met under § 1782 for the Court to exercise its discretion to grant discovery. *In re Clerici*, 481 F.3d 1324, 1331. Since the Court has already determined that Doronin neither "resides in" nor is "found in" the Southern District of Florida, the Court does not reach the "for use" issue.

### D. Intel Factors

Capital Group argues that the *Intel* Factors should have been considered in the R&R as they provide an independent basis for granting the Motions to Quash. ECF No. [72]. Terra Invest argues that the discretionary factors weigh in its favor. ECF No [78] at 5. Specifically, Terra Invest argues that Doronin and Capital Group are not participants in the foreign proceedings, Russian courts would be receptive to the discovery sought, it is not circumventing foreign proof gathering restrictions, and its § 1782 application is not unduly intrusive or burdensome. *See generally id*.

"The discretionary factors come into play after the statutory requirements have been satisfied, and they are guideposts which help a district court decide how to best exercise its discretion." *Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1223 (11th Cir. 2019).

Because the Court has determined that the statutory factors have not been met, it does not have jurisdiction and must vacate its Order granting the Ex Parte Application and quash the subpoenas. Accordingly, the Court does not find an analysis of the *Intel* discretionary factors appropriate. The Court therefore adopts Judge Otazo-Reyes's conclusion that Capital Group's arguments with respect to the *Intel* factors are superfluous and need not be addressed. *See* ECF No. [69] at 8 n.2.

IV.   **CONCLUSION**

Upon a comprehensive *de novo* review, the Court finds Magistrate Judge Otazo-Reyes's R&R to be well reasoned and correct in its analysis of Doronin's Motion to Vacate Order Granting *Ex Parte* Application and to Quash Subpoenas pursuant to Rule 45.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Terra Invest's Objections, **ECF No. [71]**, are **OVERRULED**.

2. Capital Group's Objections, **ECF No. [72]**, are **OVERRULED as moot**.

3. The R&R, **ECF No. [69]**, is **ADOPTED in part**, consistent with this order.

4. Doronin's Sealed Motion to Vacate Order Granting *Ex Parte* Application and to Quash Subpoenas pursuant to Rule 45, **ECF No. [9]**, is **GRANTED**.

5. The Court's Order Granting *Ex Parte* Application for an Order Under 28 U.S.C. § 1782(a), **ECF No. [4]**, is **VACATED**.

6. The Subpoenas served pursuant to the Court's Order, **ECF No. [4]**, are **QUASHED**.

7. Capital Group's Motion to Quash and Vacate, **ECF No. [50]**, is **DENIED AS MOOT**.

8. The Case is **DISMISSED** for lack of jurisdiction.

9. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 30, 2022

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record